IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Century 21 Real Estate LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>North State Properties, LLC,<br>Lester Fox, Fidel Martinez, Jr.,<br><br>            Defendants. | 2:11-cv-0712-GEB-EFB<br><br>ORDER STAYING ACTION AGAINST DEFENDANTS LESTER FOX AND FIDEL MARTINEZ, JR.; GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT NORTH STATE PROPERTIES, LLC AND ISSUING PERMANENT INJUNCTION AGAINST NORTH STATE PROPERTIES LLC |

Plaintiff seeks summary judgment on its claims against each Defendant. (ECF No. 18.) No party filed a response to the motion.

However, after the motion was filed, Defendant Lester Fox filed a "Notice of Bankruptcy" in which he invoked the automatic stay prescribed in 11 U.S.C. § 362 of the United States Bankruptcy Code. An order then issued directing each non-bankrupt party to file a brief on whether the stay affects further proceedings involving any non-bankrupt party.

The non-bankrupt Defendants did not respond to the order. Plaintiff responded that "absent a separate petition for bankruptcy filed by [the non-debtor] co-defendants, it is clear that the automatic stay has no applicability to the non-debtor co-defendants." (Pl.'s Brief Re: Bankruptcy Stay 2:25-27.) Subsequently, Plaintiff notified the Court that Defendant Fidel Martinez, Jr. also filed a bankruptcy petition.

1  Therefore, the portion of Plaintiff's action against
2  Defendants Lester Fox and Fidel Martinez Jr. is stayed, and the motion
3  involves only Defendant North State Properties, LLC ("North State").
4  A party seeking summary judgment bears the initial burden of
5  demonstrating the absence of a genuine issue of material fact for trial.
6  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant
7  satisfies its initial burden, "the non-moving party must set forth, by
8  affidavit or as otherwise provided in [Federal] Rule [of Civil
9  Procedure] 56, specific facts showing that there is a genuine issue for
10 trial." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809
11 F.2d 626, 630 (9th Cir. 1987) (citation and internal quotation marks
12 omitted). Further, Local Rule 260(b) requires:

> Any party opposing a motion for summary judgment or
> summary adjudication [must] reproduce the itemized
> facts in the [moving party's] Statement of
> Undisputed Facts and admit those facts that are
> undisputed and deny those that are disputed,
> including with each denial a citation to the
> particular portions of any pleading, affidavit,
> deposition, interrogatory answer, admission, or
> other document relied upon in support of that
> denial.

If the nonmovant does not "specifically . . . [controvert duly
supported] facts identified in the [movant's] statement of undisputed
facts," the nonmovant "is deemed to have admitted the validity of the
facts contained in the [movant's] statement." Beard v. Banks, 548 U.S.
521, 527 (2006).

**A.   Breach of Contract Claim**

Plaintiff seeks summary judgment on its breach of contract
claims. Specifically, Plaintiff argues that the undisputed facts
establish that North State breached two franchise agreements (hereafter
"Franchise Agreements" or "Agreements"), entitling Plaintiff to "damages

2

. . . which include unpaid Franchise Fees, and liquidated damages based on the early termination of the Franchise Agreements." (Mot. 8:5-7.)

Plaintiff also argues New Jersey law applies to its breach of contract claims since the Franchise Agreements contain a choice of law provision prescribing that the Agreements "will be governed by the laws of the state of New Jersey[.]" (Mot. 7:2.) "Under New Jersey law, the following elements are necessary in a breach of contract claim: (1) a contract; (2) a breach of that contract; (3) damages flowing therefrom; and (4) plaintiff performed its own contractual duties." Nat'l Reprographics, Inc. v. Strom, 621 F. Supp. 2d 204, 222 (D.N.J. 2009).

Plaintiff submits the following undisputed facts in support of its breach of contract claim, which North State is deemed to have admitted since no response was filed: the parties entered into two Franchise Agreements (Statement of Undisputed Facts in Supp. of Pl.'s Mot. for Summ. J., "SUF," Nos. 11-12); Plaintiff performed its contractual duties by providing North State non-exclusive licenses to use the CENTURY 21® Marks and System (SUF Nos. 8, 15); North State failed to pay Plaintiff the fees required under the Agreements, causing Plaintiff to invoke the "for cause" early termination provision of the Agreements (SUF Nos. 20-24); and, Plaintiff suffered $60,758.26 in unpaid franchise fees damages and $179,280.92 in liquidated damages for the early termination of the franchises, for a total of $240,039.18 in damages (SUF Nos. 25-28).

Plaintiff has shown that it prevails on this portion of its motion; therefore, Plaintiff's motion for summary judgment on its breach of contract claims against North State is granted.

**B.   Lanham Act Claims and Permanent Injunction**

Plaintiff also seeks a permanent injunction based on its

federal trademark infringement and unfair competition claims, alleged under the Lanham Act. Plaintiff argues that "hold-over franchisees . . . are considered infringers of the franchisor's trademarks" under the Lanham Act and that "[North State] disregarded [its] contractual obligations and, to date, continue[s] to use without authorization or payment the CENTURY 21® Marks[, and] . . . should be precluded, by injunction, from . . . [its] unauthorized use of the CENTURY 21® Marks." (Mot. 12:14-15, 14:8-12.)

The holder of a protectable trademark has its trademark rights infringed under the Lanham Act when an entity "use[s] in commerce any . . . registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services" which is likely to cause confusion. 15 U.S.C. 1114(1)(a); KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc., 408 F.3d 596, 602 (9th Cir. 2005). Further, an entity that uses in commerce "any word, term, name, symbol or device, or any combination thereof, or any false designation of origin . . . which is likely to cause confusion, or to cause mistake, or to deceive" engages in unfair competition under the Lanham Act. 15 U.S.C. 1125(a)(1)(A); Century 21 Real Estate Corp. v. Sandlin, 846 F.2d 1175, 1178 (9th Cir. 1988). "The ultimate test for unfair competition . . . [and] for trademark infringement [is] whether the public is likely to be deceived or confused . . . ." Century 21, 846 F.2d at 1178 (citation and internal quotation marks omitted). "[A] strong risk of consumer confusion arises when a terminated franchise continues to use the former franchisor's trademarks." Burger King Corp. v. Mason, 710 F.2d 1480, 1492 (11th Cir. 1983).

"In trademark infringement or unfair competition actions, once the plaintiff establishes a likelihood of confusion, it is ordinarily

4

presumed that the plaintiff will suffer irreparable harm if injunctive relief is not granted." Vision Sports, Inc. v. Melville Corp., 888 F.2d 609, 612 n.3 (9th Cir. 1989). Further, "[o]nce a franchise is terminated, the franchisor has the right to enjoin unauthorized use of its trademark under the Lanham Act." S & R Corp. v. Jiffy Lube Int'l, Inc., 968 F.2d 371, 375 (3d Cir. 1992).

Plaintiff submitted the following undisputed facts in support of its Lanham Act claims, which North State is deemed to have admitted since no response was filed: Plaintiff's marks are registered on the Principal Register of the United States Patent and Trademark Office (SUF No. 3); Plaintiff provides its franchises a non-exclusive license to utilize its marks through the Franchise Agreements (SUF No. 8); the Franchise Agreements require North State to de-identify from Plaintiff upon termination of the Agreements by, among other things, ceasing any further use of Plaintiff's Marks (SUF No. 19); North State has failed to cease and desist further use of Plaintiff's marks and ignored the requirements set forth in the Franchise Agreements (SUF No. 29); Section 16.5 of the Franchise Agreements prescribes that upon termination of the Agreements "any continued use of the Marks . . . will constitute willful and knowing mark infringement, dilution of [Plaintiff's] trademark rights and unfair competition" (SUF No. 32); and, Section 16.6 of the Franchise Agreements prescribes that Plaintiff may "obtain an injunction . . . to terminate or prevent the continuation of any existing . . . violation . . . by [North State] of th[ese] Agreement[s]" (SUF No. 33).

Plaintiff has shown that North State's continued use of Plaintiff's registered marks following the termination of the Franchise Agreements creates a likelihood of confusion, in violation of sections 1114(1)(a) and 1125(a)(1)(A) of the Lanham Act. Therefore, Plaintiff's

1 motion for summary judgment on its Lanham Act claims for trademark
2 infringement and unfair competition is granted, and the following
3 permanent injunction issues:
4     North State is restrained and enjoined from any and all use of
5 the Century 21® Marks and any activity that indicates or tends to
6 indicate that North State is or ever was an authorized Century 21
7 franchisee.
8     In light of the stay involving Plaintiff's claims against
9 Defendants Lester Fox and Fidel Martinez Jr. all remaining dates
10 currently scheduled are vacated. Further, a status report shall be filed
11 within ten days after a stay has been lifted.
12 Dated:  June 14, 2012

                                            _____
                                            GARLAND E. BURRELL, JR.
                                            United States District Judge